**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-6470**

———————

EDWARD JAMES EGAN, SR.,

                Petitioner – Appellant,

      v.

HONORABLE GLEN CONRAD, United States District Court,

                Respondent – Appellee.

———————

**No. 11-6471**

———————

EDWARD JAMES EGAN, SR.,

                Petitioner – Appellant,

      v.

HONORABLE GLEN CONRAD, United States District Court;
HONORABLE SAMUEL G. WILSON, United States District Court,

                Respondents – Appellees.

———————

Appeals from the United States District Court for the Western District of Virginia, at Roanoke. Samuel G. Wilson, District Judge; James C. Turk, Senior District Judge. (7:11-cv-00004-sgw-mfu; 7:11-cv-00040-jct-mfu)

———————

Submitted: July 21, 2011          Decided: July 26, 2011

———————

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

No. 11-6470 dismissed in part, affirmed in part; No. 11-6471 dismissed by unpublished per curiam opinion.

_____

Edward James Egan, Sr., Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURAIM:

In these consolidated appeals, Edward James Egan, Sr., seeks to appeal the district court's order dismissing his 28 U.S.C. § 2254 (2006) petition, appeals the court's order denying his self-styled "Motion for Appearance to Testify in a [P]ending [M]atter" (No. 11-6470), and seeks to appeal the district court's order treating his self-styled "Notice and Motion" for a writ of error coram nobis and pursuant to Fed. R. Civ. P. 60(b) ("Egan's Rule 60(b) motion") as a successive § 2254 petition, and dismissing it on that basis. (No. 11-6471).

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007). The district court's order dismissing Egan's § 2254 petition was entered on the docket on January 12, 2011. The notice of appeal was filed on February 25, 2011.[*] Because Egan failed to file a

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to
(Continued)

3

timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal of the district court's order denying Egan's § 2254 petition for lack of jurisdiction.

With respect to Egan's appeal of the district court's order denying his "Motion for Appearance to Testify in a [P]ending [M]atter," we have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. Egan v. Conrad, No. 7:11-cv-00004-sgw-mfu (W.D. Va. Feb. 11, 2011). Accordingly, in appeal No. 11-6470, we dismiss in part and affirm in part.

Turning to appeal No. 11-6471, the district court construed Egan's Rule 60(b) motion as a successive § 2254 petition. Egan's motion, however, challenged the district court's finding that a prior § 2254 petition was untimely. Because the motion did not directly attack Egan's conviction or sentence, but rather asserted a defect in the collateral review process, it constituted a true Rule 60(b) motion. See Gonzalez v. Crosby, 545 U.S. 524, 535-36 & n.7 (2005); United States v. Winestock, 340 F.3d 200, 206-08 (4th Cir. 2003). To appeal an order denying a Rule 60(b) motion, Egan must establish

the court. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 276 (1988).

4

entitlement to a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(A) (2006); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004).

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Egan has not made the requisite showing. Accordingly, in appeal No. 11-6471, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

No. 11-6470, <u>DISMISSED IN PART, AFFIRMED IN PART</u>
No. 11-6471, <u>DISMISSED</u>